# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY; GAVILON FERTILIZER, LLC; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON; and GAVILON GRAIN, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14-CV-0610-CVE-TLW |
| NEWBERN FABRICATING, INC., and BAUCOM CONCRETE CONSTRUCTION, INC., | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| NEWBERN FABRICATING, INC., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| DOVELAND ENGINEERING CO., | ) ) | |
| Third-Party Defendant | ) ) | |
| and | ) ) | |
| BAUCOM CONCRETE CONSTRUCTION, INC., | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| COMMERCIAL METALS COMPANY, | ) ) | |
| Third-Party Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are the motion to dismiss (Dkt. # 74) and motion to transfer to another district (Dkt. # 75) of third-party defendant Doveland Engineering Co. (Doveland).[1] Doveland moves to dismiss the third-party complaint of Newbern Fabricating, Inc. (Newbern) for lack of personal jurisdiction, for failure to state a claim upon which relief can be granted under Tennessee law, and pursuant to the doctrine of forum non conveniens. Dkt. # 74, at 2. Alternately, Doveland moves for a transfer of this action to the United States District Court for the Western District of Tennessee. Id. Newbern responds that Doveland has waived any argument as to personal jurisdiction, that the third-party complaint states valid and timely claims for contribution and implied indemnity under Oklahoma law, that the doctrine of forum non conveniens does not apply, and that transfer is not warranted. Dkt. # 79, at 12. As to Doveland's motion to transfer, the Court has also received a joint response from all plaintiffs (Dkt. # 78), as well as responses from third-party defendant Commercial Metals Co. (Commercial) (Dkt. # 81) and from defendant and third-party plaintiff Baucom Concrete Construction, Inc. (Baucom) (Dkt. # 82), all opposing transfer. Doveland has not filed a reply, and the time to do so has expired.

**I.**

Newbern, a Tennessee corporation with its principal place of business in Tennessee, constructs facilities that store and distribute fertilizer. Dkt. # 41, at 1. In 2004, Newbern agreed to build a fertilizer storage facility in Catoosa, Oklahoma. Id. at 2. Soon thereafter, Newbern entered into a contract with Doveland, a sole proprietorship based in Tennessee. Dkt. # 64, at 2. Under the

---

[1]  Doveland's motions were filed as one document, but they were docketed as separate entries pursuant to Northern District of Oklahoma CM/ECF Administrative Guide of Policies and Procedures IX(B). For ease of reference, cites will be to Dkt. # 74.

contract, Newbern would create and Doveland would approve and seal the design drawings for the facility. Dkt. # 41, at 2. Doveland did review and approve Newbern's drawings, "including the designs for the endwall columns and wall panels." Id. Baucom, an Oklahoma corporation with its principal place of business in Oklahoma, was hired by Newbern to construct the facility. Id.

On March 7, 2013, one of the facility's walls collapsed, severely damaging the structure. Id. Plaintiffs commenced a civil action against Newbern and Baucom, alleging that the collapse occurred "because of inadequate design strength of the endwall columns, and that the structure was not designed to withstand the loads for its intended purpose." Id.; see also Dkt. # 2, at 6. With the Court's permission, Newbern filed a third-party complaint against Doveland, alleging claims of contribution and implied indemnity, on November 25, 2014. See Dkt. # 41, at 2-3. As to jurisdiction, Newbern's third-party complaint contains one allegation, which relates to subject matter jurisdiction: "This Court has supplemental jurisdiction over this dispute between Newbern and Doveland under 28 U.S.C. [§] 1367." Id. at 3.

Doveland answered on February 2, 2015, without filing a Rule 12(b)(2) motion. Dkt. # 56. Responding to Newbern's jurisdictional allegation, the answer states that Doveland is without information sufficient to form a belief as to the allegation's truth. Id. at 2. The answer contains no affirmative defenses. Id. With the Court's permission, Doveland filed an amended answer on February 20, 2015. Dkt. # 64. The amended answer responds to the jurisdictional allegation as follows: "The allegations . . . are denied, at least in part, and Doveland believes if there exists any valid action it should have been brought in the Western District of Tennessee, pursuant to 28 U.S.C. [§] 1404(a), where venue is proper and the Defendant Doveland is subject to personal jurisdiction." Id. at 3. The amended answer asserts twenty affirmative defenses, but none addresses personal

3

jurisdiction. Id. at 3-5. Three months after filing its amended answer, Doveland filed its motion to dismiss for lack of personal jurisdiction and failure to state a claim and its motion to transfer. Dkt. ## 74, 75.

**II.**

Doveland argues that Newbern's third-party complaint should be dismissed because this Court cannot exercise personal jurisdiction over Doveland. Dkt. # 74, at 8. Newbern responds that Doveland has waived any argument about personal jurisdiction by failing to include it in a Rule 12(b) motion or in its answer. Dkt. # 79, at 4. The defense of lack of personal jurisdiction must be asserted in a motion under Rule 12(b)(2) or in an answer, or it is waived. See FED. R. CIV. P. 12(b); id.12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."); see also Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A defect in the district court's jurisdiction over a party, however, is a personal defense which may be asserted or waived by a party."); 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1391 (3d. ed.) ("If that party wishes to raise any of these defenses, that must be done at the time the first significant defensive move is made—whether it be by way of a Rule 12 motion or a responsive pleading."). Even where a defendant objects to personal jurisdiction, it may waive that defense by actively participating in the case or by waiting too long to file a Rule 12(b)(2) motion. See Fabara v. GoFit, LLC, __ F.R.D. __, 2015 WL 3540192, at *7 (D.N.M. May 28, 2015) (collecting cases). Both the Tenth Circuit and district courts in this circuit have found a defense of personal jurisdiction immediately waived where a defendant fails to either file a timely Rule 12(b)(2) motion or raise the defense in an answer, even when the party later

4

attempts to raise the defense. See United States v. 51 Pieces of Real Prop., Roswell, 17 F.3d 1306 (10th Cir. 1994); Gray v. Snow King Resort, Inc., 889 F. Supp. 1473 (D. Wyo. 1995); Renfro v. Spartan Comp. Servs., Inc., Civil Action No. 06-2284-KHV, 2008 WL 1023311 (D. Kan. April 9, 2008).

Newbern's third-party complaint against Doveland contains no explicit allegation as to personal jurisdiction. See Dkt. # 41. Doveland filed its answer to Newbern's third-party complaint on February 2, 2015, without filing a motion under Rule 12(b)(2). Dkt. # 56. The answer does not contain affirmative defenses. See id. Doveland responded to Newbern's allegation of supplemental subject matter jurisdiction by stating that it is without information sufficient to form a belief as to the truth of the allegation, id. at 2, which operates as a denial. FED. R. CIV. P. 8(b)(5). The Court granted Doveland permission to amend, Dkt. # 63, and Doveland subsequently filed an amended answer. Dkt. # 64. The amended answer contains the following response to Newbern's allegation of supplemental subject matter jurisdiction: "The allegations . . . are denied, at least in part, and Doveland believes if there exists any valid action it should have been brought in the Western District of Tennessee, pursuant to 28 U.S.C. [§] 1404(a), where venue is proper and the Defendant Doveland is subject to personal jurisdiction." Id. at 3. The amended answer did not raise lack of personal jurisdiction as an affirmative defense. See id. at 3-5.

Doveland has waived its personal jurisdiction defense by failing to raise it in accordance with Rule 12. Doveland did not file a Rule 12(b)(2) motion, so any objection to this Court's exercise of personal jurisdiction must have been made in an answer. FED. R. CIV. P. 12(b). Neither the answer nor the amended answer raises the lack of personal jurisdiction as an affirmative defense. See Dkt. # 56; Dkt. # 64, at 3-5. Doveland's responses to Newbern's allegation of jurisdiction are insufficient

to serve as an objection to personal jurisdiction. To begin, the total and partial denial of Newbern's jurisdictional allegation do not address personal jurisdiction. While a general denial of personal jurisdiction in a party's answer can prevent the waiver of a personal jurisdiction defense, e.g., McDermott v. FedEx Ground Sys., Inc., 520 F. Supp. 2d 254, 257 (D. Mass. 2007), that did not happen here. Newbern's allegation referenced 28 U.S.C. § 1367, which grants supplemental jurisdiction over claims that are "so related . . . that they form part of the same case or controversy" as claims for which original jurisdiction exists. 28 U.S.C. § 1367(a). Newbern's allegation is a statement of subject matter jurisdiction, unrelated to whether the Court may exercise personal jurisdiction over Doveland. Without more, Doveland's denials of this Court's subject matter jurisdiction over Newbern's claims are not objections to the exercise of personal jurisdiction over Doveland, as the two concepts are wholly distinct. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) ("The concepts of subject-matter and personal jurisdiction, however, serve different purposes, and these different purposes affect the legal character of the two requirements."). Thus, Doveland's denials do not prevent waiver of a lack of personal jurisdiction defense.

Doveland's assertion in its amended answer that the action "should have been brought" in another district where "Doveland is subject to personal jurisdiction," Dkt. # 64, at 3, also does not prevent waiver. Doveland references 28 U.S.C. § 1404(a) in its amended answer, and it has filed a motion, discussed more fully below, requesting a transfer of this action to the Western District of Tennessee under § 1404(a). Dkt. # 74, at 18. The statute allows a district court to transfer an action to another district court "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A transfer under § 1404(a) requires the transferor court to have personal

6

jurisdiction over the parties; if the transferor court lacks personal jurisdiction over a party, then any transfer must be accomplished pursuant to 28 U.S.C. § 1631 instead. Trujillo v. Williams, 465 F.3d 1210, 1223 (10th Cir. 2006); see also Meberg v. Goins, Rash & Cain, Inc., No. 15-CV-0054-CVE-PJC, 2015 WL 3486617, at *8 (N.D. Okla. June 2, 2015). Doveland's assertion that any action should have been brought elsewhere pursuant to § 1404(a), and it subsequent motion for transfer, imply that this Court can exercise personal jurisdiction over Doveland. Even setting aside this clear implication, Doveland's amended answer states only that the action should have been brought in the Western District of Tennessee, where "Doveland is subject to personal jurisdiction." Dkt. # 64, at 3. This statement does not deny that this Court can exercise personal jurisdiction over Doveland; it merely asserts that another court could exercise personal jurisdiction also. As such, Doveland's response to the allegation of jurisdiction is not an objection to the Court's exercise of personal jurisdiction.

Doveland's answer and amended answer do not raise the defense of lack of personal jurisdiction. As Doveland did not file a timely Rule 12(b)(2) motion, it has waived any argument as to personal jurisdiction. FED. R. CIV. P. 12(b); (h)(1). Doveland's motion to dismiss is denied as to its argument that this Court lacks personal jurisdiction.

**III.**

Relying on Rule 12(b)(6), Doveland seeks to dismiss Newbern's complaint for failure to state a claim, relying on the Tennessee statute of repose for actions related to the design or construction of an improvement to real property. Dkt. # 74, at 17-18. Newbern responds that its claims for contribution and indemnity should be analyzed under Oklahoma, not Tennessee, law, and that its claims are timely under the relevant Oklahoma statute of repose. Dkt. # 79, at 31.

7

Although Doveland cites Rule 12(b)(6), its motion is in fact a motion under Rule 12(c) for judgment on the pleadings because it has already answered. See FED. R. CIV. P. 12(c) ("After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."); 12(h)(2) (the defense of failure to state a claim upon which relief can be granted may be raised in a Rule 12(c) motion). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000); accord Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1223-24 (10th Cir. 2009). In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado, 493 F.3d at 1215; Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th

Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)).

Doveland argues that Newbern's third-party complaint fails to state a claim because the asserted claims are governed by, and are untimely under, Tennessee law. Dkt. # 74, at 17. The relevant Tennessee statute states that "[a]ll actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property . . . shall be brought . . . within four (4) years after substantial completion of such an improvement." TENN. CODE ANN. § 23-3-202. Any Tennessee claim related to a construction deficiency, including claims like contribution and indemnity, are subject to § 23-3-202. Counts Co. v. Praters, Inc., 392 S.W.3d 80, 86 (Tenn. Ct. App. 2012); see also Clinton Seafood, Inc. v. Harrington, No. 1408, 1991 WL 50218 (Tenn. Ct. App. April 10, 1991). Newbern responds that its claims should be analyzed under Oklahoma law, and it cites the Oklahoma analog to § 23-3-202, which allows a claim to be brought within ten years of substantial completion. OKLA. STAT. tit. 12, § 109. Each of these statutes is considered a statute of repose, not a statute of limitations. See Counts Co., 392 S.W.3d at 81; Lafalier v. Lead-Impacted Cmtys. Relocation Assistance Tr., 237 P.3d 181, 190 (Okla. 2010).

The complaint is silent as to when "substantial completion" occurred, and neither party attempts to provide an estimate. Newbern's complaint states that it hired Doveland at some point

9

in 2004, and the building collapse that is at the heart of this action occurred in 2013. Dkt. # 41, at 2. As substantial completion could only have occurred after Doveland was hired, Newbern's claims are within the time limit imposed by Oklahoma's statute of repose. The parties assume that Newbern's claims would be barred by Tennessee's statute of repose and, for purposes of this motion only, the Court will make the same assumption. Under that assumption, Newbern's claims would be barred under Tennessee law but not Oklahoma law, creating an actual conflict of substantive law that must be resolved through a choice of law analysis.

Newbern and Doveland are both Tennessee entities, so there is not complete diversity of citizenship. Newbern's claims are brought under the supplemental subject matter jurisdiction of § 1367. A federal court exercising supplemental subject matter jurisdiction applies the choice of law rules of the forum state, which is Oklahoma. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); BancOklahoma Mortg. Corp. v. Capital Title Co., 194 F.3d 1089, 1103 (10th Cir. 1999). Newbern's third-party complaint alleges claims for contribution and implied indemnity against Doveland. Id. at 2-3. These claims are generally analyzed using the applicable choice of law method for tort actions. See Muncie Power Prods., Inc. v. United Techs. Auto., Inc., 328 F.3d 870, 874-75 (6th Cir. 2003); Miller v. Long-Airdox Co., 914 F.2d 976, 978 (7th Cir. 1990); Lamb v. McDonnell-Douglas Corp., 712 F.2d 466, 469-70 (11th Cir. 1983); Colonial Refrigerated Transp., Inc. v. N.C. Occidental Fire & Cas. Co., 705 F.2d 821, 826 (6th Cir. 1983) ; cf. OKLA. STAT. tit. 12, § 832 (defining the rights of contribution and indemnity in terms of the liability of tortfeasors); DOBBS ET AL., THE LAW OF TORTS §§ 489-490 (2d ed.) (discussing contribution and indemnity as being between tortfeasors). Oklahoma has adopted the "most significant relationship" test of the

Restatement (Second) of Conflict of Laws (the Restatement) as its choice of law method for tort claims.[2] Brickner v. Gooden, 525 P.2d 632, 637-38 (Okla. 1974).

According to the Restatement, "[t]he law selected by application of the rule of § 145 determines whether one tortfeasor has a right to contribution or indemnity against another tortfeasor." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 173 (1971). Section 145 provides:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>     (a) the place where the injury occurred,
>     (b) the place where the conduct causing the injury occurred,
>     (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>     (d) the place where the relationship, if any, between the parties is centered.

Id. § 145; see also Brickner, 525 P.2d at 637. Generally, courts applying Oklahoma law place the greatest importance on the first contact. See Edwards v. McKee, 76 P.3d 73, 76 (Okla. Civ. App. 2003). For purposes of determining what law applies, Restatement § 6 identifies the following factors:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,

---

[2]    Doveland argues that lex loci contractus, the Oklahoma choice of law method for many contract claims, should be employed because the parties' relationship is founded on a contract. Dkt. # 74, at 17. Although the parties may have had a contractual relationship, Newbern is not asserting claims against Doveland based on that contract, making lex loci contractus inapplicable here.

(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6.

Here, Oklahoma has the most significant relationship to Newbern's claims. The first factor is neutral, as there are no apparent interstate needs or policies that would be affected by this case. Oklahoma has a strong policy interest in regulating the actions of those who design and construct buildings within its borders, as evidenced by title 12, section 109 of the Oklahoma Statutes. While Tennessee also has a policy interest in regulating the design and construction of buildings, that interest is lessened when the building is not located in the state. As both plaintiffs' claims against Newbern and Newbern's claims against Doveland relate to negligence in design and construction, the parties had no justified expectations to be protected. See id. cmt. g. In general, courts prefer to apply the same state's law to contribution and indemnity claims and the independent tort claims on which they depend. E.g., Miller, 914 F.2d at 979-80. Predictability is not a major consideration for tort claims, as the parties could not have planned the law that would apply. See RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6 cmt. i. As the parties have already identified the relevant laws, the final factor is neutral. Considered together, the factors in § 6 favor the application of Oklahoma law to Newbern's claims against Doveland.

This conclusion is reinforced by reference to the contacts enumerated in § 145(2). The place of injury is the Northern District of Oklahoma, as the collapse occurred in Catoosa, Oklahoma. Dkt. # 41, at 2. The conduct causing the injury--Newbern's alleged negligence in constructing the building according to designs that Doveland approved--also occurred in Oklahoma. Id. The parties are both domiciliaries of Tennessee, and their relationship took place primarily, although not exclusively, in Tennessee. See id. at 1-2. Given the importance of the place of injury to Oklahoma

courts, see Edwards, 76 P.3d at 76, the weight of the first two contacts, pointing to Oklahoma, is greater than the weight of the second two contacts, pointing to Tennessee. The Court will apply Oklahoma law to Newbern's claims.

Under Oklahoma's statute of repose, claims "for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property" must be brought within "ten (10) years after substantial completion of such an improvement." OKLA. STAT. tit. 12, § 109. According to Newbern's complaint, Doveland was hired in or after 2004 to approve the design of the building that collapsed, and there could not have been "substantial completion" until after Doveland accomplished its design work. The building collapsed in 2013, less than ten years after Doveland was hired, and so Newbern's claims are not untimely under the Oklahoma statute of repose. Doveland fails to advance any other basis on which the Court could find in its favor. As Doveland has failed to show that it "is entitled to judgment as a matter of law," Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006), Doveland's motion is denied as to the argument that Newbern's third-party complaint fails to state a claim upon which relief can be granted.

**IV.**

Doveland contends that Newbern's complaint should be dismissed under Rule 12 because the doctrine of forum non conveniens applies. Dkt. # 74, at 18. Newbern asserts that the doctrine of forum non conveniens is inappropriate, as this case has no international element. Dkt. # 79, at 42. "A federal court has discretion to dismiss a case on the ground of *forum non conveniens* when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,

or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429 (2007) (quotation marks omitted). However, the Supreme Court has restricted the doctrine to cases involving foreign courts. See Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994) ("[T]he federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad."); see also Rivendell Forest Prods., Ltd. v. Canadian Pac. Ltd., 2 F.3d 990, 993 n.4 (10th Cir. 1993) ("If domestic law applies . . . then *forum non conveniens* doctrine is inapplicable."). Doveland presents Tennessee as the alternate forum, Dkt. # 74, at 19, and as such dismissal pursuant to the doctrine of forum non conveniens is inappropriate. Doveland's motion is denied as to its argument that Newbern's third-party complaint should be dismissed pursuant to the doctrine of forum non conveniens.

## V.

In the alternative, Doveland seeks a transfer to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The statute was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981) (quoting Van Dusen v. Barrack, 376 U.S. 612 (1964)). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991).

At the outset, transfer under § 1404(a) requires that the transferee court be one where the action "might have been brought." Doveland states that the "civil action," by which it means Newbern's third-party claims against it, could have been brought in the Western District of Tennessee because it is subject to personal jurisdiction there and venue would be proper. Dkt. # 74, at 24. Doveland is mistaken. The Western District of Tennessee would not have subject matter jurisdiction because Newbern and Doveland are not diverse, and there is no federal question. Newbern, plaintiffs, Commercial, and Baucom each argue that the "action" referenced in § 1404(a) is the entire case, not simply Newbern's third-party action against Doveland, and that the case could not have been brought in the Western District of Tennessee. Dkt. # 78, at 2; Dkt. # 79, at 43; Dkt. # 81, at 2; Dkt. # 82, at 2. "Section 1404(a) only authorizes the transfer of an entire action, not individual claims." Chrysler, 928 F.2d at 1518 (citations omitted). Courts may transfer individual claims after those claims have been properly severed under Fed. R. Civ. P. 21, id., but Doveland has not requested severance.[3] Following Chrysler, the Court must evaluate Doveland's motion as a request to transfer the entire action, and not simply Newbern's claims, to the Western District of Tennessee.

---

[3] Even had severance been requested, it would not be appropriate at this time. The decision to sever claims under Rule 21 is discretionary and requires the Court to consider the "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy." AG Equipment Co. v. AIG Life Ins. Co., No. 07-CV-0556-CVE-PJC, 2009 WL 236019, at *2 (N.D. Okla. Jan. 29, 2009) (quoting In re Beverly Hills Fire Litig., 695 F.2d 207, 218 (6th Cir. 1982)). There appears to be no current prejudice to the parties if the claims are not severed, and there seems little potential for jury confusion. For the present, it is more convenient and economical for Newbern's contribution and implied indemnity claims to remain with the tort claims on which they depend, counseling against severance.

The action could not have been brought in the Western District of Tennessee. Under 28 U.S.C. § 1391, venue is proper in the following places:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). An entity, if a defendant, is deemed to reside in any district where it is subject to personal jurisdiction. Id. § 1391(c)(2). There is no indication that the Western District of Tennessee could exercise personal jurisdiction over Baucom, an Oklahoma corporation with its principal place of business in Oklahoma. See Dkt. # 44, at 2. Thus, venue would not be proper in that district under § 1391(b)(1), as Baucom does not reside there. Venue would not be proper in the Western District of Tennessee under § 1391(b)(2) because the majority of events giving rise to the various claims in this case occurred in the Northern District of Oklahoma. As venue would be proper in the Northern District of Oklahoma under § 1391(b)(2), § 1391(b)(3) is not operative. Because venue would not have been proper in the Western District of Tennessee, the action could not have been brought there, and so transfer to that court is not appropriate under § 1404(a). Doveland's motion to transfer this action to the Western District of Tennessee is denied.

**IT IS THEREFORE ORDERED** that Doveland's motion to dismiss (Dkt. # 74) and motion to transfer to another district (Dkt. # 75) are **denied**.

**DATED** this 25th day of June, 2015.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE