UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY; GAVILON FERTILIZER, LLC; CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON; and GAVILON GRAIN, LLC,  )))))) | |
| Plaintiffs,  )) | |
| v.  )) | Case No. 14-CV-0610-CVE-TLW |
| NEWBERN FABRICATING, INC., and BAUCOM CONCRETE CONSTRUCTION, INC.,  )))))) | |
| Defendants,  )) | |
| and  )) | |
| NEWBERN FABRICATING, INC.,  )) | |
| Third-Party Plaintiff,  )) | |
| v.  )) | |
| DOVELAND ENGINEERING CO.,  )) | |
| Third-Party Defendant  )) | |
| and  )) | |
| BAUCOM CONCRETE CONSTRUCTION, INC.,  )))) | |
| Third-Party Plaintiff,  )) | |
| v.  )) | |
| COMMERCIAL METALS COMPANY,  )) | |
| Third-Party Defendant.  )) | |

**OPINION AND ORDER**

Now before the Court is Third-Party Defendant Doveland Engineering, Co.'s Motion for Summary Judgment and Brief in Support (Dkt. # 167). Doveland argues that it is entitled to summary judgment because third-party plaintiff Newbern Fabricating, Inc. has not presented any evidence of negligence, breach of duty, or any other wrongdoing by Doveland. Dkt. # 167, at 5. Newbern responds that genuine issues of material fact exist as to whether Doveland acted negligently and whether Doveland's actions contributed to the building collapse at issue in this case. Dkt. # 224, at 2.

## I.

This action arises from the collapse of a wall of a storage facility at the Tulsa Port of Catoosa on March 7, 2013. Plaintiff Gavilon Grain owned the building, which Gavilon Fertilizer used to store fertilizer.[1] Dkt. # 167, at 5. Newbern constructs facilities that store and distribute fertilizer. Dkt. # 41, at 1. In 2004, Newbern contracted with Gavilon Grain to build the fertilizer storage facility in Catoosa. Id. at 2. Soon thereafter, Newbern entered into a contract with Doveland, under which Doveland would engineer the structural components of the facility, including the steel reinforcement within the concrete columns and wall panels. Dkt. # 167, at 6; Dkt. # 224, at 5-6. Pursuant to the contract, Doveland reviewed, approved, and sealed design drawings for the facility, including design drawings of the endwall columns and panels. Dkt. # 167, at 6. Newbern subcontracted with defendant Baucom Concrete Construction, Inc. for the concrete work on the facility. Dkt. # 167, at 5.

---

[1] In 2011, Gavilon Grain merged with DeBruce Grain, the party that contracted for and oversaw the construction of the storage facility. For clarity's sake, the Court refers to both entities as Gavilon Grain. Also in 2011, Gavilon Fertilizer merged with DeBruce Fertilizer. The Court refers to Gavlion Fertilizer as representative of both entities. See Dkt. # 285, at 3 n.2.

On March 7, 2013, one of the facility's walls collapsed, severely damaging the structure. Id.; Dkt. # 224, at 4. Plaintiffs commenced a civil action against Newbern and Baucom, alleging, inter alia, that Newbern was negligent because it had failed to design the facility to withstand the intended load and failed to comply with the applicable industry standards when designing the facility. Dkt. # 2, at 6. Newbern filed a third-party complaint against Doveland, alleging claims of contribution and indemnity. See Dkt. # 41, at 2-3. Newbern asserted that, if it were found to be liable to plaintiffs based on inadequate or improper design, Newbern would be entitled to contribution from Doveland as a joint tortfeasor. Id. at 2-3. Alternatively, Newbern asserted that it would be entitled to indemnity from Doveland because "Newbern relied upon Doveland's special expertise and knowledge with regard to engineering and design." Id. at 3. Doveland now moves for summary judgment.

## II.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Id. at 327 (quoting Fed. R. Civ. P. 1).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law." Id. at 251-52. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Doveland moves for summary judgment on the grounds that Newbern has failed to present evidence showing Doveland acted negligently, breached any duty, or committed any other wrongdoing related to its engineering of the facility. Dkt. # 167, at 5. However, Doveland misunderstands the claim against it. Newbern brought a third-party complaint against Doveland pursuant to Federal Rule of Civil Procedure 14(a), asserting that, if Newbern is found liable to plaintiffs for inadequate or improper design of the facility, then it is entitled to contribution or indemnity from Doveland. Under Rule 14(a), a defendant may implead "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Oklahoma law provides causes of action for contribution among joint tortfeasors and indemnity. Okla. Stat. tit. 12, § 832A, F; see also Thomas v. E-Z Mart Stores, Inc., 102 P.3d 133, 139 (Okla. 2004) ("Indemnity is a right possessed by one who discharges a duty owed by that party, but which, as between that party and

4

another, should not have been discharged by the other."); Okla. Gas & Elec. Co. v. Dist. Ct., Fifteenth Judicial Dist., Cherokee Cnty., 784 F.2d 61, 65 (Okla. 1989) ("In Oklahoma, the right of contribution among joint tortfeasors is statutorily created and exists even though judgment has not been recovered against all or any of them."). In keeping with the purpose of Rule 14 to simplify and expedite cases by allowing parties to adjudicate the rights of all persons concerned in a controversy in a single action, see United States v. Acord, 209 F.2d 709, 712 (10th Cir. 1954), a defendant may implead a nonparty under Rule 14(a) to assert a right to contribution and/or indemnification, cf. Patten v. Knutzen, 646 F. Supp. 427, 430 (D. Colo. 1986) (holding that the defendant could bring a third-party claim for contribution under Colorado law "through the impleader mechanism contained in [Rule 14(a)]").

Here, Newbern has properly impleaded Doveland under Rule 14(a) and asserts claims of contribution and indemnification contingent on Newbern being held liable to plaintiffs for inadequate or improper design. Newbern has not brought a direct negligence claim against Doveland. The Court has already determined that Newbern is not entitled to judgment as a matter of law on plaintiffs' negligence claim against it. See Dkt. # 285. Thus, to survive summary judgment Newbern must show that a genuine issue of material fact exists as to whether Newbern has a right to contribution or indemnification from Doveland in the event that Newbern is held liable for inadequate or improper design of the facility.

A right of contribution exists when two or more persons become jointly or severally liable in tort for the same injury, and a tortfeasor has paid more than their pro rata share of the common liability. Okla. Stat. tit. 12, § 832A, B. A right to indemnity arises when one who is without fault is forced to pay on behalf of another. See Nat'l Union Fire Ins. Co. V. A.A.R. W. Skyways, Inc. 784 P.2d 52, 54 (Okla. 1989). A legal relationship must exist between the parties independent of their

duty to the injured party in order for a right to indemnity to arise. Id. In this case, Newbern has presented evidence sufficient to survive summary judgment on its third-party claims of contribution and indemnification. The parties agree that Doveland reviewed, approved, and sealed the design drawings for the facility, including design drawings of the endwall columns and panels. Moreover, Newbern and Doveland had a contractual relationship, under which Doveland would engineer the structural components of the facility. If Newbern is found liable for negligently designing the facility, a genuine issue of material fact exists as to whether Newbern is entitled to contribution from Doveland based on Doveland's review, approval, and sealing of the design. Similarly, if Newbern is found liable for negligently designing the facility, a genuine issue of material fact exists as to whether Newbern is entitled to indemnification because it relied on Doveland's engineering expertise.

Doveland argues that it is entitled to summary judgment because Bud Cude, President of Newbern, testified at his deposition that there is nothing wrong with the design and none of the engineers that have approved his designs has done anything wrong. Dkt. # 167, at 9-11. Precisely. Doveland's argument fails because Newbern is entitled to defend against plaintiffs' negligence claim by asserting that there is nothing wrong with the design, and entitled to alternatively claim that if there is something wrong, Doveland acted negligently in its review, approval, and sealing of the designs. If that were not the case, Doveland would be required to either concede the design was flawed in order to implead Doveland or wait until plaintiffs' suit against it is complete before bringing its claims against Doveland. Forcing such a choice makes no sense under Rule 14(a) and would limit the usefulness of third-party pleading. In fact, it is in Doveland's best interest that Newbern argues that there is no issue with the design because, if Newbern is successful in its argument, Newbern's case against Doveland ends.

Doveland also asserts that it is entitled to summary judgment because Newbern's expert has not asserted that Doveland was negligent or directly caused the wall collapse. Dkt. # 167, at 12. First, there is no reason that Newbern must rely solely on its own expert in presenting its evidence, and Newbern has presented more than adequate evidence showing that genuine issues of material fact exist as to whether the column designs complied with applicable industry standards and whether the alleged design flaws contributed to the wall collapse. See Dkt. # 224, at 32 (testimony of Kenneth Jackson that the end columns violated the industry standard and contributed to the wall collapse); id. at 38 (testimony of David Hanks, Ph.D., P.E., that the columns on the west end of the building were not designed to withstand the applied load and did not meet the industry standard); id. at 51-52 (testimony of David Teasdale, P.E., that the two tallest columns had design-strength deficiencies and did not meet the industry standard). Second, and more importantly, Doveland's argument is concerned with the wrong issue. As discussed above, the Court has already determined that plaintiffs' case for negligent design will be submitted to the jury, and the issue here is whether, if Newbern is found liable for inadequate or improper design, then genuine issues of material fact exist as to whether Newbern has the right to contribution or indemnification from Doveland. Newbern has presented evidence that Doveland contracted with Newbern to review and, if need be, alter the facility design drawings in order to ensure the building design was structurally sound and compliant with applicable industry standards. Doveland agrees that it reviewed, approved, and sealed the facility design drawings. If Newbern is found liable for negligent design, these facts are sufficient to create a genuine issue of material fact as to whether Newbern is entitled to contribution or indemnification from Doveland.

8

**IT IS THEREFORE ORDERED** that Third-Party Defendant Doveland Engineering, Co.'s Motion for Summary Judgment and Brief in Support (Dkt. # 167) is **denied**.

**DATED** this 19th day of January, 2017.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE